**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEDRO ROBLES PACHECO,<br>Petitioner,<br>v.<br>DAVID VENTURELLA, *et al.*,<br>Respondents. | Civil Action No. 26-12201 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Pedro Robles Pacheco's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that he is unlawfully detained without a bond hearing in violation of his constitutional rights. (*See* ECF No. 1.) On October 19, 2026, Respondents filed a letter stating that Petitioner is lawfully detained under § 1226(a), was scheduled for a bond hearing, and subsequently withdrew his bond request. (ECF No. 5.) Respondents submit that in August 2021 and September 2026, Petitioner was arrested for simple assault. (*Id.* at 1; ECF No. 1-1.)

Petitioner, a citizen of Mexico, entered the United States in May 2008. (ECF No. 1 at 2.) On September 14, 2026, Immigration and Customs Enforcement ("ICE") officers detained Petitioner upon his release from Somerset County Jail in connection with pending simple assault charges arising from a domestic incident. (*Id.* at 2-3.) On September 15, 2026, Petitioner filed the instant Petition arguing that he is unlawfully detained without an individualized bond hearing. (*See generally id.*) Respondents filed an expedited response submitting that Petitioner is lawfully detained under § 1226(a) and that Petitioner withdrew his request for bond. (ECF No. 5 at 2.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under 8 U.S.C. § 1226(a), which authorizes the Government to detain, conditionally parole, or release a non-citizen pending their removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). Creating "statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Government to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an IJ, and to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *See, e.g.*, *Borbot*, 906 F.3d at 278–79; 8 C.F.R. § 1236.1(d)(1) (non-citizens detained under § 1226(a) "may, at any time before [a removal order] becomes final"

request a bond hearing before an IJ). At a bond hearing, the non-citizen has the burden of proving he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Respondents submit that Petitioner has withdrawn his request for bond. As it appears that "Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)). Even when a non-citizen attempts to prevent removal proceedings "from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal] . . . , it is well settled that judicial review is precluded if the [non-citizen] has failed to avail himself of all administrative remedies." *Duvall*, 336 F.3d at 233 (quoting *Massieu v. Reno*, 91 F.3d 416, 421 (3d Cir. 1996)).

A petitioner's failure to exhaust his claim before the immigration court is generally "fatal to the District Court's jurisdiction over [a] habeas petition." *Id.* "[E]xhaustion is not required when the petitioner demonstrates that it is futile."[1] *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring). But failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him."). Here, Petitioner voluntarily withdrew his request for a bond hearing. So, the Court lacks jurisdiction over the Petition, which is dismissed without prejudice. Accordingly,

**IT IS**, on this 28th day of October 2026,

---

[1] Some courts in this Circuit have excused exhaustion in cases where the Government incorrectly detained a non-citizen under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 553 (D.N.J. 2026). Not so here. In this case, the Government detained Petitioner under 8 U.S.C. § 1226(a).

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**