**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEDRO ROBLES PACHECO,<br>Petitioner,<br>v.<br>DAVID VENTURELLA,<br>Respondent. | Civil Action No. 26-12201 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Pedro Robles Racheco's ("Petitioner") Motion for Reconsideration (ECF No. 7), moving the Court to reconsider the Court's October 28, 2026 Memorandum and Order (ECF No. 6) denying Petitioner's Petition for Writ of Habeas Corpus ("Petition") as unexhausted.

Petitioner, a citizen of Mexico, entered the United States in May 2008. (ECF No. 1 at 2.) On September 14, 2026, Immigration and Customs Enforcement ("ICE") officers detained Petitioner upon his release from Somerset County Jail in connection with pending simple assault charges arising from a domestic incident. (*Id.* at 2-3.) On September 15, 2026, Petitioner filed his Petition arguing that he was unlawfully detained without an individualized bond hearing. (*See generally id.*) On October 19, 2026, Respondents filed an expedited response submitting that Petitioner is lawfully detained under § 1226(a) and that Petitioner had withdrawn his request for bond. (ECF No. 5 at 2.) Petitioner did not reply.

On October 28, 2026, the Court issued a Memorandum and Order denying Petitioner's Petition. (ECF No. 6.) The Court found that Petitioner is detained under 8 U.S.C. § 1226(a), which authorizes the Government to detain, conditionally parole, or release a non-citizen pending their removal. (*Id.* at 2; citing *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)).) However, where the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an IJ, and to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). (*Id.* at 2-3.) The Court explained that "[i]mmigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court." (*Id.* at 3; quoting *Jelani B. v. Anderson*, No. 20-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).) As Petitioner had withdrawn his request for a bond hearing, the Court found that he failed to exhaust his administrative remedies and denied the Petition without prejudice. (*Id.* at 2-4.)

On October 30, 2026, Petitioner filed the instant Motion for Reconsideration. (ECF No. 7.) Petitioner asks the Court to reconsider its October 28, 2026, Memorandum and Order, arguing that the ground for dismissal no longer exists. (ECF No. 7-1 at 1-2.) Petitioner argues that although he withdrew his request for a bond hearing, he renewed his request and appeared for a bond hearing on October 27, 2026. (*Id.* at 2.) Petitioner acknowledges that he did not notify the Court of his renewed request for a hearing. (*Id.*) Petitioner argues that the premise of the Court's dismissal, Petitioner's failure to exhaust, is no longer true. (*Id.*) Additionally, Petitioner now seeks to use his

motion for reconsideration to challenge the IJ's denial of bond as fundamentally unfair. (*Id.* at 3-8.) Petitioner argues, among other things, that his pending domestic violence-related assault charges were dismissed and the IJ's reliance on the charges in finding Petitioner a danger to the community without an individualized assessment of the evidence rendered his bond hearing fundamentally unfair. (*Id.* at 3-6.)

Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration to alter or amend a judgment should be granted only where the moving party shows: "(1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court [made its initial decision] or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (citation modified and omitted). Reconsideration "should be granted sparingly" because "federal courts have a strong interest in the finality of judgments." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). A losing party cannot use such a motion to "relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)).

Petitioner argues that the Court should reconsider the Court's prior Memorandum and Order denying Petitioner's Petition and finding his claims unexhausted. (ECF No. 7.) Petitioner seeks reconsideration by presenting evidence that he renewed his request for a bond hearing and was exhausting his remedies. However, Petitioner cannot use a motion for reconsideration to present evidence that could have been raised prior to the Court's denial of his Petition. *Boretsky*, 433 F. App'x at 78. Petitioner acknowledges that he had renewed his request for a bond hearing and failed to inform the Court after Respondents filed their reply seeking dismissal on exhaustion

grounds. (ECF No. 7-1 at 2.) Petitioner has not demonstrated an intervening change in controlling law, newly available evidence, clear error of law or fact, or manifest injustice warranting reconsideration of the Court's October 28, 2026 Memorandum and Order. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Petitioner's Motion for Reconsideration will be denied.

However, the Court notes that even considering that Petitioner renewed his request for bond and has now received a bond hearing, Petitioner is not entitled to habeas relief based on the claims in his Petition. Petitioner is detained under 8 U.S.C. § 1226(a), which authorizes the Government to detain him. *See Jennings*, 583 U.S. at 288–89. Creating "statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Government to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). At a bond hearing, the non-citizen has the burden of proving he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279. Petitioner has received a bond hearing as required under § 1226(a) and is lawfully detained under that Section and by order of the IJ. *Zheng*, 826 F. Supp. 3d at 554. As Petitioner has received the process owed to a non-citizen detained under § 1226(a), Petitioner is not entitled to habeas relief.

Finally, the Court will not allow Petitioner to amend his Petition to raise an entirely new claim that his bond hearing was fundamentally unfair by way of a Motion for Reconsideration. However, the Court notes that it lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL

574624, at *2 (3d Cir. Feb. 25, 2022). Due process has three essential elements in a fundamentally fair bond hearing. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Id.* Here, Petitioner was represented by counsel who submitted evidence and made arguments before the IJ. (*See* ECF No. 7-1 at 19-25.) The IJ acknowledged he had all of the evidence submitted. (*Id.* at 19.) Counsel argued that Petitioner's domestic violence charges were dismissed and noted that counsel provided evidence regarding the dismissed charges. (*Id.* at 22.) The IJ noted that the charges against Petitioner were dropped but also noted that a dismissal of charges "does not mean that [he] didn't do it." (*Id.* at 24.) Accordingly, the IJ denied bond, finding Petitioner a danger to the community. (*Id.*) It appears from the record before the Court that this would not satisfy the fundamental fairness inquiry. Accordingly,

**IT IS**, on this 16th day of November 2026,

**ORDERED** that the Clerk of the Court shall **REOPEN** this matter for the purpose of entering this Memorandum and Order; it is further

**ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 7) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**